IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**MICHAEL LEE ROBERTS**                                                                            **PETITIONER**
Reg #12358-010

VS.                       **CASE NO.: 2:17-CV-00053-JLH-BD**

**GENE BEASLEY, Warden,**
Federal Correctional Institution-Low,
Forrest City, Arkansas                                                            **RESPONDENT**

<u>**RECOMMENDED DISPOSITION**</u>

**I. Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. Any party may file written objections with the Clerk of Court within fourteen (14) days of filing this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be waived. And, if no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record.

**II. Introduction**

Petitioner Michael Roberts filed a pro se petition for writ of habeas corpus (docket entry #1) under 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") violated his due process rights by categorizing his offense (conspiracy to kidnap under 18 U.S.C.

§1201(c)) as a "crime of violence" under BOP Program Statement 5162.05. For relief, Mr. Roberts asks that the Court direct the BOP to remove the "crime of violence" designation.

## III. Discussion

A federal habeas corpus petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts; *Mayle v. Felix*, 545 U.S. 644, 655, 125 S.Ct. 2562, 2570 (2005). "If 'it plainly appears from the petition [and any attached exhibits] . . . that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading." *Mayle v. Felix*, 545 U.S. at 656 (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). Rules 2 and 4 of the Rules Governing Section 2254 Cases are applicable to § 2241 petitions through Rule 1(b). *Antonelli v. Sanders*, No. 2:05cv00314, 2006 WL 897665, *2 (E.D. Ark. 2006) (citations omitted).

### A. *Jurisdiction*

A writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus is the appropriate remedy when a claim "goes directly to the constitutionality of physical confinement or the shortening of its duration." *Id*. at 489.

On the other hand, "constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core." *Nelson v. Campbell*, 541 U.S. 637, 643, 124 S.Ct. 2117, 2122 (2004). Of course, a federal prisoner may raise a challenge to his conditions of confinement in a civil rights action brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).

Mr. Roberts's petition should be dismissed because he does not allege he is being held in custody illegally or that his sentence is not being properly calculated. Instead, he challenges the BOP's categorization of his conviction for conspiracy to kidnap pursuant to 18 U.S.C. § 1201(c) as a "crime of violence" under BOP program statement 5162.05. Mr. Roberts does not allege that there is any consequence to the categorization that bears on the execution or length of his federal sentence.

B. *Exhaustion of Administrative Remedies*

Even if Mr. Roberts had stated a claim under 28 U.S.C. § 2241, his claim should be dismissed for failure to exhaust his administrative remedies. Prisoners generally are required to exhaust their administrative remedies before filing a petition pursuant to 28 U.S.C. § 2241. See *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000)).

In his petition, Mr. Roberts concedes that he did not exhaust his administrative remedies. (#1 at 5) Under 28 C.F.R. § 542.13(a), an inmate aggrieved by an action of the

3

BOP must first present the issue informally to staff. If he or she is dissatisfied with the result of the informal process, the inmate may then pursue a three-step formal grievance process. In the formal process, the prisoner appeals to the Warden; then to the Regional Director; and last, to the Office of General Counsel. The prisoner's administrative remedies have not been exhausted until his grievance has been filed and denied at each step. See *Thurman v. Sanders*, No. 2:06CV00114-SWW-HDY, 2006 WL 2372493 at *2 (E.D. Ark. Aug. 14, 2006) (citing *Ortiz v. Fleming*, 2004 WL 389076 (N.D. Texas 2004)). Mr. Roberts has not taken any of these steps to exhaust his administrative remedies.

Exhaustion is not required, however, if it would be futile. *Thurman*, 2006 WL 2372493 at *2. Mr. Roberts states that he believes the administrative remedy process would be futile because the BOP "lacks the institutional competence" and "lacks the authority" to grant the relief requested. Mr. Roberts is mistaken. Because he is complaining about the BOP's application of a BOP policy, the BOP has the authority to grant the requested relief, and Mr. Roberts is required to exhaust before seeking relief in this Court. See *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S. Ct. 2378 (2006) (prisoner must exhaust administrative remedies before filing any suit challenging prison conditions, not just for suits under § 1983, even where the relief sought is monetary damages that cannot be granted by the administrative process)(citing *Booth v. Churner*, 532 U.S. 731, 734, 121 S.Ct. 1819 (2001)).

C. Ripeness

Finally, Mr. Roberts's claim should be dismissed because it is not ripe for review. The ripeness doctrine limits federal courts from considering issues prematurely, particularly where a court decision has the potential to interfere with the policies of government agencies. As a general rule, a dispute is not ripe where it depends upon events that may not occur as anticipated or in fact may not occur at all. *Minnesota Public Utilities Comm'n v. Fed. Communications Comm'n*, 483 F.3d 570, 582-83 (8th Cir. 2007). In other words, a case is not ripe if there is no showing that the injury is "direct, immediate, or certain to occur." *Public Water Supply District No. 10 of Cass County, Mo. v. City of Peculiar, Mo.*, 345 F.3d 570, 573 (8th Cir. 2003).

In his petition, Mr. Roberts challenges the BOP's categorization of his conspiracy to kidnap conviction as a "crime of violence." He does not claim, however, that the categorization has had any effect on his incarceration or the length of his incarceration. Mr. Roberts has not allege any current injury and has not established that direct or immediate injury is certain or even likely to occur. Mr. Roberts's case is not ripe for review.

IV. **Conclusion**

The Court recommends that Michael Lee Roberts's habeas corpus petition (#1) be dismissed, without prejudice, for lack of habeas corpus jurisdiction. See Rule 4 of the Rules Governing Section 2254 Cases.

DATED this 20th day of April, 2017.

_____
UNITED STATES MAGISTRATE JUDGE