# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

MICHAEL LEE ROBERTS                                                              PETITIONER
Reg #12358-010

v.                           NO. 2:17CV00053-JLH-BD

GENE BEASLEY, Warden,
Federal Correctional Institution-Low,
Forrest City, Arkansas                                                           RESPONDENT

## ORDER

The Court has received a Recommended Disposition ("Recommendation") from Magistrate Judge Beth Deere. After careful review of the Recommendation and Roberts's timely objections, and after a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings in all respects, with the following comments.

Michael Lee Roberts has filed a petition under 28 U.S.C. § 2241. He says in his petition that he was convicted of conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c) and was sentenced to 120 months in prison on March 16, 2015. He complains that his crime of conviction is categorized in BOP Program Statement P5162.5 as a crime of violence. He wants that categorization rescinded. He admits in his petition that he has not exhausted his administrative remedies but says that pursuing those remedies would be futile. He cites cases for the proposition that kidnapping can no longer be considered a crime of violence under the Armed Career Criminal Act due to the fact that the residual clause has been declared unconstitutional. *See*, *e.g.*, *United States v. Jenkins*, 849 F.3d 390, 394 (7th Cir. 2014).

Roberts first objects that Judge Deere erred in saying that he failed to allege any consequence to the fact that his conviction for kidnapping is categorized as a crime of violence by BOP Program Statement P5162.05. In his objection, Roberts notes that Program Statement P5162.05 categorically precludes a reduction in sentence for inmates who have completed the residential drug abuse program. The fact remains, however, that he did not allege in his petition that he has completed the residential drug abuse program or that he is eligible to participate in it. Therefore, Judge Deere correctly stated that Roberts does not allege that he is being held in custody illegally or that his sentence is not being properly calculated.

Second, Roberts asserts that it would be futile to exhaust his administrative remedies because the Bureau of Prisons does not have the authority to grant the relief he requests. That argument is mistaken. While the Bureau of Prisons cannot amend the definition of "crime of violence" in the United States Code, it can amend the program statement P5162.05. The statute at issue is 18 U.S.C. § 3621(e), which authorizes the Bureau to reduce the sentence of "a prisoner convicted of a nonviolent offense" who has completed a residential substance abuse treatment program. Whether a prisoner has been convicted of a nonviolent offense does not depend on the Armed Career Criminal Act. The Bureau has the authority, for example, to conclude that a prisoner with a past conviction of misdemeanor assault is not eligible for a reduction in sentence. *Zacher v. Tippy*, 202 F.3d 1039, 1044 (8th Cir. 2000). Furthermore, the Bureau has adopted 28 C.F.R. § 550.55 and, as an exercise of the director's discretion, has listed categories of inmates who are not eligible for early release, including inmates convicted of kidnapping. *Id*. § 550.55(b)(4)(vi). Roberts does not challenge this regulation. Every circuit to consider the issue has held this regulation to be valid. *Peck v. Thomas*, 697 F.3d 767, 771 (9th Cir. 2012). Roberts is mistaken in saying that the Bureau of Prisons lacks

the institutional competence to grant the relief he requests. The Bureau of Prisons has the authority to amend P5162.05.

Third, Roberts asserts that Judge Deere erred in saying that his claims are not ripe for review because he has not alleged any current injury and has not established that any direct or immediate injury is certain or even likely to occur. For the reasons stated above, that statement is accurate.

Michael Lee Roberts's petition for writ of habeas corpus is DISMISSED, without prejudice. Document #1.

IT IS SO ORDERED this 17th day of May, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE